UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHN McHUGH and KATHLEEN McHUGH,    18 Civ. 788

                                   Plaintiffs,    **COMPLAINT**

-against-    **JURY TRIAL DEMANDED**

UNITED SKATES OF AMERICA, INC.,

                                   Defendant.

------------------------------------------------------------------------x

       Plaintiffs, by their attorneys, Jaroslawicz & Jaros PLLC, complaining of the defendant allege as follows:

### THE PARTIES

       1.    At all times hereinafter mentioned, plaintiff John McHugh is a citizen of the Republic of Ireland.

       2.    At all times hereinafter mentioned, plaintiff Kathleen McHugh is a citizen of the State of New York.

       3.    At all times hereinafter mentioned, plaintiffs are husband and wife.

       4.    At all times hereinafter mentioned, the defendant is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Ohio, authorized to do business and doing business in New York, with its principal place of business in the State of Ohio.

5. At all times hereinafter mentioned, defendant operated a skating rink known as the United Skates of America at 1276 Hicksville Road, in Seaford, New York.

## JURISDICTION AND VENUE

6. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

7. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

8. Venue is properly placed in the United States District Court for the Southern District of New York since the plaintiff resides herein, the defendant does business here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

9. On or about July 29, 2016, plaintiffs were at the aforementioned skating rink.

10. Plaintiffs paid their admission and entered the skating facility.

11. Due to the defendants' recklessness, carelessness, and negligence, plaintiff John McHugh was caused to suffer severe and permanent personal injuries, through not fault of his own, while skating.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFF JOHN McHUGH

12. Defendant, by its agents, servants, and/or employees, was reckless, careless and negligent in having poor supervision on the skating floor throughout the session; in

failing to provide safe skating environment; in having an open public skating session with insufficient, inefficient and poorly trained personnel and floor guards/skate guards; in having insufficient supervision; in failing to properly supervise and control the conduct of skaters; in causing, allowing, suffering and/or permitting groups of skaters to stop and congregate on the skating floor; in causing, allowing, suffering and/or permitting young children with skate walking devices to obstruct, block and hinder other skaters; in causing, allowing, suffering and/or permitting people without roller skates to be and remain on the skating floor; in causing allowing suffering and/or permitting obstructions to be on the skating floor; in failing to perform adequate and necessary inspections of the rental skates; in renting skates to customers that were not in good operating and mechanical condition; in having poor lighting; in providing plaintiff with improper skates which were defective; in providing improperly fitted skates; in providing skates that were not in good condition; in failing to separate children who could not skate from the general public; in permitting children with walking devices onto the skating rink; in failing to warn; in having to have separate skating times for children, including those accompanied by parents; in failing to have efficient and sufficient personnel; in violating the applicable laws, rules and regulations, including the applicable standards of the Roller Skating Association International; and defendant was otherwise reckless, careless and negligent.

13.     As a result of defendant's negligence, plaintiff John McHugh was caused to suffer severe and permanent personal injuries, including injury to his right leg and other

parts of the body; right tibia and fibula shaft fracture, short oblique type with comminuted butterfly fragment; displaced tibia shaft fracture with a proximal fibular shaft fracture, right leg; spiral fracture of right tibia; required surgery, open reduction internal fixation of tibia/fibula fracture; right leg casted; restriction of motion to right leg; pain, tenderness, weakness to right leg; abnormal gate; difficulty ambulating; scarring to right leg; will develop post traumatic arthritis, right leg; cosmetic deformity; required Cam Boot; requires physical therapy; required hospital and medical care and attention and will require such care and attention in the future; may require additional surgery; extreme pain and suffering; mental anguish and distress; unable to attend to his usual duties and vocation; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

14. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### ON BEHALF OF PLAINTIFF KATHLEEN McHUGH

15. Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

16. That at all times hereinafter mentioned, the plaintiff was the lawful wife of John McHugh and as such was entitled to his society, support, services and consortium.

17. By reason of the defendant's negligence as aforesaid, the plaintiff was deprived of the society, support, services and consortium of her husband.

18. By reason of the foregoing, the plaintiff is entitled to recover all of her damages from the defendant.

WHEREFORE, plaintiffs demand judgment against the defendant to recover all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiffs
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz (DJ-6931)